Circuit Court of Cuyahoga County.

WM. C. SCOFIELD V. THE EXCELSIOR OIL COMPANY ET AL.[*]

Decided, January 25, 1905.

*Judgments—Failure to Notify Stockholders of an Insolvent Corporation of the Institution of a Suit Against it Does Not Amount to Fraud and Collusion.*

Where in an action to enforce stockholders' liability a judgment for the plaintiff has been reversed and the case remanded from the Supreme Court for the sole reason that no insolvency of the corporation had been shown, and while pending in the common pleas court, the plaintiff obtains a default judgment against the corporation upon which execution is issued for the purpose of establishing the insolvency of the corporation in the stockholders' liability suit, such judgment is not obtained by fraud or collusion and is not in violation of any rights of the stockholders, even though they were not notified of the suit.

*Henderson & Quail*, for plaintiff.
*Goulder, Holding & Masten*, contra.

MARVIN, J.; HALE, J., and WINCH, J., concur.

The defendant, Lester A. Cobb, has filed his motion for a new trial in this case, which has been argued to us with earnestness and ability by his counsel and in such wise as to show that

*Affirmed without opinion, *Cobb* v. *Scofield et al*, 74 Ohio State, 513.

counsel feel great confidence in the position that the judgment of the court is wrong. The matters urged in support of the motion, though not all touched upon in the opinion, were all carefully considered by the court before the judgment was announced and the members of the court who concurred in that judgment are still of the opinion that the judgment is right.

The point upon which the court has found the greatest difficulty and because of which one member of the court does not concur in the judgment is upon the question of whether the judgment obtained by the plaintiff against the oil company in another action, during the pendency of this suit, is conclusive upon the defendant Cobb. That judgment was obtained without any service being obtained upon Cobb and without his having notice of the suit. If that judgment was obtained by the fraud of the plaintiff or by collusion between him and the oil company or those representing the oil company, it is not conclusive as against Cobb.

The averments of the answer of Cobb to the supplemental petition in reference to the obtaining of such judgment are in part as follows:

"Plaintiff as the owner of all the stock of said company and defendant, George F. Scofield, purposely and intentionally refrained and omitted to file any answer or make any defense in said cause, and caused and permitted a default judgment to be taken in said action in the sum of $98,497.21 in furtherance of the collusion and fraud aforesaid; that neither this defendant or his attorneys were given notice of the bringing of said action, and they had no knowledge thereof or of the judgment in said case until after the filing of the amended and supplemental petition herein in February, 1903, when the term of court at which said judgment was rendered had terminated; that said notice was withheld from them in furtherance of said collusion and fraud, the plaintiff well knowing that he had brought said action and secured said judgment for the intent and purpose of further prosecuting this action against this defendant. Defendant further says that the Excelsior Oil Company had a good and sufficient defense to said action, and that it was not indebted to plaintiff in any amount whatever, all of which plaintiff and George F. Scofield well knew, but that plaintiff and George F. Scofield colluded together to obtain, and did obtain judgment

aforesaid fraudulently, by withholding and refusing to make any defense.''

The admission of the plaintiff in reply to this answer is as follows: He admits

''that plaintiff purposely refrained from making any answer or making any defense to said action and caused a default judgment to be taken therein in the amount stated by said defendant; that said action was commenced and said judgment secured partly for the purpose of further prosecuting this action against the said defendant Cobb; but as to all the averments of the said fifth defense not herein admitted, and which are not admissions of the averments of plaintiff's said amended and supplemental petition, plaintiff says that he denies them and each of them.''

It was urged upon the original hearing and upon the hearing of this motion that this admission upon the part of the plaintiff was an admission of collusion between himself and the Excelsior Oil Company, or between himself and George F. Scofield acting for said oil company. Such is not the legal effect of the admission. It is admitted that he took a default judgment; that he purposely refrained from making any answer, or making any defense in said action. It is a denial of any collusion between himself and anybody else to secure this judgment.

We come then to the question, do the facts justify us in holding that this judgment was obtained either by fraud or collusion?

Collusion is defined in the A. & E. Ency. of Law (2d Ed.), Vol. 6, page 212, as follows:

''Collusion is where two persons, apparently in a hostile position and having conflicting interests, by arrangement do some act in order to injure a third person or deceive a court.''

In *Cary* v. *Houston, etc., R. Co.*, 52 Fed. Rep., 675, it is defined as ''an agreement between two or more persons unlawfully to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law.''

''Collusion'' is defined by Webster as follows:
''In law, a deceitful arrangement or compact between two or more persons, for the one party to bring an action against the

other for some evil purpose, as to defraud a third party of his right; a secret understanding between two parties, who plead or proceed fraudulently against each other, to the prejudice of a third person.''

Bouvier's Law Dictionary defines collusion as follows:

''Collusion, fraud. An agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law.''

The facts here are that the plaintiff had obtained the judgment of the court of common pleas and the judgment of this court that the plaintiff was a creditor of the oil company to an amount greatly in excess of the amount prayed for in the action in which it is claimed there was this collusion and fraud. The Supreme Court had reversed those judgments, giving no intimation by such reversal as to there being any error in holding that the plaintiff was a creditor of the oil company to the amount which had been found by the lower courts, but holding that until the insolvency of the oil company was established by a judgment against it and the issuance and return of an execution unsatisfied, the present action could not be maintained.

For the purpose of establishing such insolvency in the way pointed out by the Supreme Court, the action in which collusion is charged was brought. We think that the charge that the bringing of such action without any notice being served upon the defendant Cobb should not be characterized as a fraud, and that the fact that the oil company made no defense should not be characterized as collusion. It was not sought in that action to recover for an amount greater than two courts had already found that the oil company was indebted to the plaintiff, and though it might have been well for the plaintiff to have given notice to the defendant Cobb, we do not see that the failure to do so constituted a fraud upon him. The plaintiff manifestly expected to obtain no right against Cobb which he did not already have, except to have the proper evidence that the oil company was insolvent.

Entertaining these views, the motion for a new trial is overruled.